IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 00-136 |
| | ) | <u>See</u> Civil Action No. 04-1191 |
| RANDOLPH S. GUSTAVE, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION</u>

BLOCH, District J.

On August 9, 2004, Petitioner filed a Motion to Vacate, Correct, or Set Aside Conviction Pursuant to 28 U.S.C. § 2255 (doc. no. 680) ("Motion") in the above-captioned matter.  Upon consideration of this Motion, and upon further consideration of the Government's response thereto (doc. no. 684) and Petitioner's "Reply to Government's Response to Petitioner's Motion to Vacate, Correct, or Set Aside Conviction Pursuant to 28 U.S.C. § 2255" (doc. no. 696), the Court denies Petitioner's Motion for the reasons set forth below.[1]

---

[1]     On April 6, 2004, in accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), this Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist.  With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file a second
(continued...)

I.  Background

In November of 2000, a grand jury returned a 13-count Superseding Indictment against Petitioner and a number of other defendants (doc. no. 248).  Three counts of this Superseding Indictment pertained to Petitioner: (1) Count One charged Petitioner with conspiracy to distribute and possess with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846; (2) Count Two charged him with conspiracy to conduct financial transactions involving the proceeds of illegal drug trafficking in violation of 18 U.S.C. § 1956(h); and (3) Count Eleven charged him with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I).  Petitioner pled not guilty to these charges.  On March 26, 2001, Petitioner was found guilty by a jury of all charges against him after a trial lasting over three weeks (doc. no. 435).

The Probation Officer, in the Presentence Investigation Report ("PIR"), concluded that the total offense level in this case was 38 and that Petitioner's criminal history category was II, resulting in a sentencing range of 262 to 327 months under the

----

[1](...continued)
petition absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA.  On April 15, 2004, this Court received notice from Petitioner dated April 11, 2004, advising the Court that Petitioner wished to withdraw his motion filed on April 5, 2004, and file an all-inclusive Section 2255 motion.

United States Sentencing Guidelines.  After objections filed by the parties, the Court issued its Tentative Findings on Disputed Facts and Factors (doc. no. 517)("Tentative Findings").  In the Tentative Findings, the Court found that a 2-level increase in the offense level under USSG § 3C1.1 was warranted because Petitioner had attempted to obstruct justice by committing perjury at trial.  Accordingly, the Court found that Petitioner's total offense level was 40, and that the sentencing range was 324 to 405 months.  On June 21, 2001, the Court sentenced Petitioner to the bottom of this range, 324 months, to be followed by a 5-year term of supervised release.  See Transcript of Sentencing (doc. no. 560).

On July 2, 2001, Petitioner appealed, challenging both his conviction and his sentence.  On August 12, 2002, the Third Circuit rejected Petitioner's appeal and affirmed his conviction and sentence.  On February 13, 2003, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court.  The Supreme Court denied his petition on May 5, 2003.

On April 5, 2004, Petitioner, acting pro se, filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 (doc. no. 667).  As stated above, on April 6, 2004, the Court ordered Petitioner to advise the Court as to whether he wished to have his motion ruled upon as filed and lose the ability to file a second petition absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section

2255 petition within the one-year statutory period of the AEDPA. Petitioner elected to withdraw his motion, and, on August 9, 2004, he filed the present, all-inclusive Motion.

Petitioner's arguments fall within three general categories. First, he argues that, for numerous reasons, he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution. Second, he argues that his Fifth Amendment due process rights were violated because the Superseding Indictment in this case failed to set forth the specific amount of marijuana for which he was charged. Finally, he argues that certain enhancements under the United States Sentencing Guidelines were improperly applied. The Court will address each of these arguments below.

II.      Discussion

As noted by Petitioner, pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Title 28 U.S.C. § 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, the record in this case demonstrates that Petitioner is not entitled to relief under Section 2255 and, therefore, no evidentiary hearing is necessary.

      A.  <u>Petitioner's Ineffective Assistance of Counsel Claims</u>

      Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel at various levels of the proceedings in this case: (1) pre-trial; (2) trial; (3) post-trial; (4) sentencing; (5) direct appeal; and (6) counsel's obligation to the court. For the reasons that follow, this Court rejects Petitioner's contentions.

      A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 670 (3d Cir. 1996)

(citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted).

### 1. Pre-trial

Petitioner argues that he was denied effective assistance of counsel at the pre-trial stage because his counsel did not understand conspiracy law and because he did not properly represent and advise Petitioner of the charges Petitioner faced, thereby compelling Petitioner to trial.  Petitioner further alleges that his counsel took an adamant stand against Petitioner's wishes in each level of the proceedings.  The record conclusively shows that this claim does not present a colorable basis for relief under Section 2255.

As to the issue of whether Petitioner's counsel was ineffective because of his inability to understand conspiracy law,

Petitioner does not provide any specific allegations as to how his counsel's knowledge of conspiracy law was deficient.  His claim that his counsel did not properly represent and advise him of the charges in this case, thereby compelling him to trial, is simply too vague and conclusory to warrant further investigation.  See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).  Petitioner provides no specifics as to how his counsel's representation of him or advice forced him to proceed to trial, despite his burden to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690.  In fact, to the contrary, he states later in his Motion that it was his "counsel's belief that it was in [his] best interest to have pled guilty."  This is consistent with the record, particularly Exhibit C of the Government's brief, a March 5, 2004 letter to Petitioner from his counsel stating that he had advised Petitioner to plead guilty and that Petitioner had refused.

Therefore, Petitioner cannot argue that he was forced into trial since he acknowledges that he was advised to plead.  However, he goes one step further and claims that his counsel's deficiencies resulted in the "possible loss of a different base offense level" because his counsel did not seek a plea agreement for the amount of marijuana for which Petitioner acknowledged he was responsible.  He essentially argues that he would have pled guilty if his counsel would have secured a plea agreement to his liking.  However,

7

Petitioner does not allege that the Government would have even accepted such an agreement, and, indeed, there is absolutely no record evidence that such an agreement was possible.[2]   Therefore, Petitioner cannot establish deficient performance, nor can he establish a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See United States v. Romero-Gallardo, 113 Fed. Appx. 351, 354 (10th Cir. 2004); United States v. Hall, 212 F.3d 1016, 1022 (7th Cir. 2000); United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995). See also Lawuary v. United States, 199 F. Supp. 2d 866, 877 (C.D. Ill. 2002) ("The failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel.").

Petitioner's argument is tantamount to arguing that his counsel should have obtained for him a "sweetheart deal" from the Government.  Without specifying what his counsel unreasonably failed to do in pursuing this hypothetical deal, and without establishing that there was a reasonable probability that the Government would accept such a deal, Petitioner cannot prevail.

Petitioner's claim that his counsel took an adamant stand against his wishes is also vague, but it appears that Petitioner is alleging that his counsel was ineffective in failing to challenge

---

[2]   To the contrary, as discussed below, both the jury and the Court specifically found that the conspiracy involved more than 1,000 kilograms of marijuana.

the controlled substance quantity in this case and, instead, attempting to argue that Petitioner was merely in a buyer-seller relationship with members of the conspiracy and not a co-conspirator.   Petitioner's claims do not demonstrate ineffective assistance of counsel.

It should be noted that what Petitioner actually alleges, on page 2 of his Motion, is that his counsel stipulated to the drug quantity.  This is not so.  No stipulation as to drug quantity was ever entered in this case.  However, Petitioner does allege in other parts of the Motion that he was prejudiced by the Court and the jury hearing "drug amounts attributed to co-defendants not on trial, from other conspiracies, and prior to the scope of the indictment." Construing this liberally, the Court will assume that Petitioner is arguing that his counsel was ineffective in failing to challenge the amount of marijuana attributable to him in this case.   Even liberally construing Petitioner's argument, though, it is clear that his argument must fail.

First, Petitioner fails to allege with any kind of specificity what his counsel could have or should have done to prevent the Court and the jury from "hearing drug amounts attributed to co-defendants not on trial, from other conspiracies, and prior to the scope of the indictment," or even the specific evidence to which he is referring.  As with some of Petitioner's other claims, this is

simply too vague for the Court to address.  See Dawson, 857 F.2d at 928.[3]

Further, any allegation that counsel failed to assert that some of the marijuana at issue was not attributable to Petitioner is false.  In his closing, counsel argued that Petitioner was not involved in certain of the marijuana transactions regarding which witnesses had testified at trial.  See Transcript of Jury Trial Proceedings, Vol. VIII (doc. no. 569) at 70-71.  He also argued that Gary Leal's testimony regarding two 1,000 pound marijuana deliveries to Petitioner was not credible.  See id. at 65.  He emphasized that Petitioner was a "small time" dealer.  See id. at 73.  He further challenged the amount of marijuana attributable to Petitioner in the "Defendant's Position with Respect to Sentencing Factors" (doc. no. 503), filed in response to the PIR.  Moreover, Petitioner's own testimony at trial demonstrated that he disagreed that he was involved in certain marijuana shipments attributed to him.  See Transcript of Jury Trial Proceedings, Vol. VII (doc. no. 568) at 17-30.  There is simply no basis in the record to support Petitioner's

---

[3]      In any event, objecting or not objecting to evidence is a trial strategy over which counsel generally has decision-making authority.  See Virgin Islands v. Weatherwax, 77 F.3d 1425, 1434 (3d Cir. 1996).  The mere fact that Petitioner may have disagreed with his counsel's failure to object does not establish that the decision was objectively unreasonable.  Therefore, even if Petitioner had identified the specific evidence as to which he believes his counsel failed to object, he must also establish that this failure was objectively unreasonable.  He has failed to do so here.  Petitioner is not entitled to insist that counsel make every argument that he wants raised.  See id. at 1433.

argument that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in regard to addressing the amount of marijuana in this case.  <u>See</u> <u>Sistrunk</u>, 96 F.3d at 670.

Moreover, there is nothing in the record that would establish that "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."  <u>Id.</u> at 670.  The jury was instructed that it could find Petitioner guilty as to Count One only if it found that the Government had proven beyond a reasonable doubt that there was a conspiracy to distribute and possess with intent to distribute in excess of 1,000 kilograms of marijuana.  <u>See</u> Transcript of Jury Trial Proceedings, Vol. VII (doc. no. 568) at 200.  Therefore, in returning a guilty verdict as to this count with regard to Petitioner, the jury found that the conspiracy to which Petitioner belonged involved over 1,000 kilograms of marijuana.  Likewise, in its Tentative Findings, this Court found that the amount of marijuana attributable to Petitioner was more than 1,000 kilograms.  Petitioner provides no basis for believing that anything his counsel could have done would have had a reasonable probability of changing this.

Petitioner's argument that his counsel was deficient in arguing that Petitioner was merely in a buyer-seller relationship with members of the conspiracy and not a co-conspirator is equally

meritless.  While Petitioner's argument is vague, it is clearer in other parts of his Motion that he is arguing that his counsel was deficient in relying on the buyer-seller argument in defending Petitioner rather than challenging the amount of marijuana in this case.  As the Court discussed above, Petitioner is incorrect in arguing that his counsel did not address the issue of the amount of marijuana attributable to Petitioner in this case.  However, in any event, his argument regarding his counsel's reliance on the buyer-seller argument fails to state a colorable basis for relief.

This Court must be deferential to counsel's tactical decisions, must not employ hindsight, and must give counsel the benefit of a strong presumption of reasonableness.  See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).  As the Third Circuit Court of Appeals held in Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000), "ineffectiveness will not be found based on a tactical decision which had a reasonable basis designed to serve the defendant's interests."  Id. at 190.  Moreover, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."  Yarborough v. Gentry, 540 U.S. 1, 8 (2003); Jacobs v. Horn, 395 F.3d 92, 118 (3d Cir. 2005).  Petitioner's counsel's tactical decision to argue that Petitioner was not a member of the charged conspiracy, but rather, that he was in a mere buyer-seller

relationship with members of the conspiracy, had a more than reasonable basis designed to serve Petitioner's interest.

It is well-established law in the Third Circuit that the mere existence of a buyer-seller relationship is insufficient to establish that a defendant willfully and voluntarily became a member of a conspiracy. See United States v. Price, 13 F.3d 711, 727 (3d Cir. 1994); United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). Making this well-established argument was not objectively unreasonable, especially in light of Petitioner's own testimony that he did, indeed, purchase marijuana from various members of the conspiracy. See Transcript of Jury Trial Proceedings, Vol. VII (doc. no. 568) at 2-96. Indeed, the Court gave the following instruction during its charge to the jury prior to closing arguments and deliberation:

> In determining whether any of the defendants willfully and voluntarily became a member of the conspiracy to distribute and possess with the intent to distribute marijuana, I instruct you that mere proof of the existence of a buyer/seller relationship standing alone, without any prior or contemporaneous understanding beyond a mere sales agreement is not enough to convict one as a co-conspirator.
>
> In other words, proof that a person either bought drugs from or sold drugs to a member of the charged conspiracy does not prove a joint objective among the buyer and the seller to commit the underlying offense charged; that is, to distribute and possess with the intent to distribute marijuana.

See id. at 201-02.   The jury, therefore, was instructed that, if they believed that the Government failed to prove beyond a reasonable doubt that Petitioner was a co-conspirator, and not a mere purchaser of marijuana, they must find Petitioner not guilty as to that count.   Petitioner may be unhappy that the jury did not agree with the argument raised by his counsel, but he cannot and has not established that it was objectively unreasonable.   See United States v. Simmons, 923 F.2d 934, 956 (2d Cir. 1991).   Moreover, Petitioner has not and cannot demonstrate that he suffered any prejudice as a result of his counsel making this argument.[4]

　　　　2.  Trial

　　　　Petitioner's arguments in regard to his counsel's alleged ineffectiveness at the trial stage are very similar to those he makes regarding the pre-trial stage.  Petitioner argues that he was prejudiced by the Court and the jury hearing "drug amounts attributed to co-defendants not on trial, from other conspiracies, and prior to the scope of the indictment."  As discussed above, this argument has no merit.

---

[4]     Petitioner argues that one result of his counsel's alleged ineffectiveness was the Court's finding that Petitioner obstructed justice.  Petitioner appears to claim that the Court's finding was based on his "counsel stating [that] petitioner had a buyer/seller relationship."  This is not true.  As detailed in the Court's Tentative Findings, the finding that an enhancement under USSG § 3C1.1 for obstruction of justice applied based upon Petitioner's own testimony at trial, not on any argument made by his counsel.  See Tentative Findings at 21-23.

He also argues that he was prejudiced by "counsel's belief that petitioner's only defense was a buyer and seller relationship, when petitioner wished to plead guilty and challenge the amount." As discussed above, the argument that Petitioner was a mere purchaser of marijuana was objectively reasonable.  Further, as discussed above, Petitioner has failed to establish that he was forced to trial, and, indeed, the record demonstrates that his counsel was advising Petitioner to change his plea to guilty. Moreover, Petitioner's counsel did challenge the quantity of drugs attributable to Petitioner at trial and at the sentencing stage; had Petitioner pled guilty to Count One rather than being convicted by a jury, he would have had no greater or lesser opportunity to challenge the controlled substance quantities set forth in the PIR.

Petitioner's final argument in regard to the trial stage is that he was prejudiced by "being compelled by necessity into going to trial by an ambiguous indictment."  While it is unclear on the face of this statement what Petitioner means, he later argues that the Superseding Indictment was insufficient because it did not allege the specific amount of marijuana involved in the conspiracy. The Court will assume that this is the argument Petitioner is making here.  In any event, it is an argument without merit.

The Superseding Indictment charges Petitioner (and the other defendants) with conspiring to distribute and possess with the intent to distribute an amount of marijuana that "exceeded 1,000

15

kilograms." That amount is significant because a conspiracy to distribute or possess with the intent to distribute 1,000 kilograms or more of marijuana subjects a defendant to the penalty provisions of 21 U.S.C. § 841(b)(1)(A). Contrary to Petitioner's contentions, the indictment need not set forth the exact quantity of marijuana involved in the conspiracy; it must merely put Petitioner on notice that, if convicted, he would be subject to sentencing under Section 841(b)(1)(A), i.e., that the conspiracy involved 1,000 kilograms or more of marijuana. See United States v. Gori, 324 F.3d 234, 236-37 (3d Cir. 2003).

As stated above, the jury was actually instructed to acquit Petitioner if they found that the Government had failed to prove beyond a reasonable doubt that the conspiracy was to distribute or possess with the intent to distribute at least that much marijuana. Conversely, even if the Government had established that the conspiracy involved, for example, 10,000 kilograms of marijuana, the statutory maximum sentence would not have changed.

The Superseding Indictment, since it charged Petitioner with conspiring to distribute and possess with the intent to distribute more than 1,000 kilograms of marijuana, sufficiently specified the offense for which Petitioner was charged. Petitioner's counsel was not unconstitutionally deficient in deciding not to challenge an appropriate indictment.

16

3.  <u>Post-trial</u>

Petitioner next argues that his counsel was ineffective at the post-trial stage because he advised Petitioner not to discuss Petitioner's case with representatives of the United States Probation Office during the preparation of the PIR.  However, The presentence interview process is not an adversarial proceeding, nor is it a critical stage of the proceeding within the meaning of the Sixth Amendment.  Therefore, a defendant has no right to counsel at a presentence interview by the Probation Office.  <u>See</u> <u>United States v. Hodges</u>, 259 F.3d 655, 660 (7th Cir. 2001); <u>United States v. Byers</u>, 100 Fed. Appx. 139, 142 (4th Cir. 2004); <u>United States v. Washington</u>, 11 F.3d 1510, 1517 (10th Cir. 1993); <u>United States v. Tisdale</u>, 952 F.2d 934, 939-40 (6th Cir. 1992).  Therefore, since Petitioner had no Sixth Amendment right to counsel in regard to PIR interviews, he had no right to effective counsel.

Regardless, even if Petitioner could demonstrate that he had a right to counsel in regard to the PIR interviews, and even if he could establish that his counsel was ineffective in advising him not to participate in these interviews, he cannot demonstrate that he was prejudiced by his failure to speak with the Probation Office.  First, considering that Petitioner testified at trial, the Probation Officer had the benefit of his testimony in preparing the PIR.  Moreover, Petitioner had a chance under Local Criminal Rule 32.1 to file objections to the PIR, which he did in this case.  The Court

underwent an independent evaluation of the determinations in the PIR based, in part, on those objections. The Court decided, after considering those objections, that Petitioner was responsible for more than 1,000 kilograms of marijuana.

Petitioner has not demonstrated that there is a reasonable probability that the Court's determination would have changed had he talked to the Probation Office. In fact, the record, particularly the Court's Tentative Findings and the evidence and testimony as to the amount of marijuana involved in this case entered at trial, conclusively shows otherwise.

4. <u>Sentencing</u>

Petitioner next argues that his counsel was unconstitutionally deficient in allowing him "to be sentenced on a basis of misinformation of a constitutional magnitude when sentenced on conflicting drug amounts." Specifically, he argues that his counsel was deficient in: (1) failing to present evidence and testimony in support of Petitioner's objections to the PIR at the sentencing hearing; (2) failing to make the Court rule on the precise amount of marijuana attributable to Petitioner; (3) allowing Petitioner to be sentenced on conflicting testimony; and (4) failing to offer an opinion as to what Petitioner's sentence should have been. The record conclusively shows that none of these arguments establish ineffective assistance of counsel.

18

As to Petitioner's first argument, he fails to state what evidence and testimony should have been offered at the sentencing hearing.  Indeed, Petitioner had already testified at trial regarding his lack of involvement in many of the marijuana transactions at issue.  See Transcript of Jury Trial Proceedings, Vol. VII (doc. no. 568) at 17-30.  The Court's decision as to the amount of marijuana attributable to Petitioner was based on the trial record.  See Tentative Findings at 5.  Petitioner's vague reference to additional evidence to be presented at his sentencing hearing is insufficient to establish that his counsel's conduct was objectively unreasonable.  Moreover, the record does not establish that there is a reasonable probability that, but for counsel's alleged deficient performance, the result of the proceeding would have been different.  The Court was well-aware of Petitioner's objections and his position when it made its determination as to the amount of marijuana attributable to him.

The decision as to what evidence and arguments to present at the sentencing hearing is a tactical decision by the attorney to which the Court must give great deference.  See Deputy, 19 F.3d at 1493; Werts, 228 F.3d at 190 ("ineffectiveness will not be found based on a tactical decision which had a reasonable basis designed to serve the defendant's interests.").  Petitioner has provided no record evidence as to overcome the presumption that his counsel's decision was reasonable.

19

As to Petitioner's second argument, it was unnecessary for the Court to determine the precise amount of marijuana attributable to him in this case.  Pursuant to USSG § 2D1.1(c)(4), Petitioner's base offense level would be 32 so long as at least 1,000 kilograms of marijuana were attributable to him.  The Court found that at least that much was attributable to him, and therefore made a determination specific enough to determine the applicable base offense level and guideline range.

Petitioner's third argument is that he was sentenced based on "conflicting testimony of drug quantities."  However, other than his own testimony, which the Court considered in rendering its findings, Petitioner fails to set forth any testimony that would establish that the amount of marijuana attributable to him was less than 1,000 kilograms.  Conflicting testimony is irrelevant in this case if the conflict is merely how much more than 1,000 kilograms were involved.  Regardless, even if he had shown a material conflict, the Court notes that its determination as to the amount of marijuana attributable to Petitioner was based on the record as a whole.

As to Petitioner's final argument, the Court noted at Petitioner's sentencing that, although the Court found the guideline range to be onerous, it was bound to sentence Petitioner within that range.  See Transcript of Sentencing (doc. no. 560) at 7-8.  The Court sentenced Petitioner to the bottom of the range.  No

suggestion of counsel could of or would have changed Petitioner's sentence.

_____        5.  Direct Appeal

_____Petitioner next argues that his counsel was ineffective in failing to adopt co-defendant James Brown's arguments and issues on appeal, and in failing to provide Petitioner with requested information.  Again, these arguments have no merit.

It appears from the record that Petitioner alleges that his counsel was deficient because he did not raise a claim under Apprendi on appeal such as the one raised by Brown.  However, there are two problems with this argument.  First, it is counsel that generally decides which issues to pursue on appeal.  See Sistrunk, 96 F.3d at 670.  There is no constitutional right to insist that appellate counsel advance every argument that a defendant wants raised, even if the argument is a non-frivolous one.  See Weatherwax, 77 F.3d at 1433.  Petitioner has failed to point to anything on the record that would show that his counsel's decision not to raise an Apprendi issue on appeal fell below an objective standard of reasonableness under prevailing professional norms. Regardless, even if the record would support a finding of objective unreasonableness, Petitioner cannot demonstrate prejudice; the issue he wanted to raise was raised by Brown, and the Third Circuit rejected the argument.  See United States v. Brown, No. 01-2755 (3d Cir. July 19, 2001), at 4-5.

21

_____As to the allegation that counsel failed to provide him with information, it is apparent from the record that Petitioner is claiming that his counsel was not sufficiently diligent in providing him with documents so that he could file his own supplemental appellate brief regarding the Apprendi issue.  As noted, counsel generally decides which issues to raise on appeal, and, in any event, the argument that Petitioner wished to raise was rejected by the Third Circuit.  Further, the Third Circuit does not permit criminal defendants to file pro se briefs in counseled cases.  See Third Circuit L.A.R. 31.3.

### 6.  Counsel's Obligation

Finally, Petitioner argues that his counsel failed to fulfill his obligation to both this Court and the Third Circuit by: (1) allowing the Government to present misinformation; (2) stipulating to the Government's version of the facts; and (3) failing to bring the Court's attention to certain sections of the Sentencing Guidelines.  The Court finds no merit in these arguments.

As to Petitioner's first argument, Petitioner seems to indicate four areas in which the Government provided alleged misinformation: (1) information regarding the quantity of marijuana at issue; (2) information regarding his role in the conspiracy; (3) information regarding when he joined the conspiracy; and (4) information regarding his possession of a firearm.  However, upon reviewing the record, the Court fails to recognize how any of the

22

information cited by Petitioner could be construed as misinformation. There is no basis in the record that Petitioner's counsel should have objected to any "misinformation" alleged by Petitioner.

As to Petitioner's second argument, as stated above, Petitioner's counsel did not stipulate to the Government's version of the facts.

Finally, Petitioner claims that his counsel should have brought the Court's attention to certain sections of the Sentencing Guidelines, specifically, USSG §§ 2D1.1 (note 12), 6A1.3(a), 1B1.3 (notes (c)(3)-(8)), and 3C1.1 (note 2). The Court was aware of these provisions at the time it issued its Tentative Findings and at the time it sentenced Petitioner. Therefore, even if Petitioner could establish that his counsel was unconstitutionally deficient in failing to cite to these provisions, and the record supports no such finding, he cannot demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

In sum, the record conclusively demonstrates that Petitioner is not entitled to relief on his ineffective assistance of counsel claims. He, in no way, can establish both that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that he suffered prejudice as a result.

23

B.  Petitioner's Claims Regarding Insufficiency of the
Indictment

Petitioner also makes several arguments other than his various ineffective assistance of counsel claims.  The first is that he was deprived of his Fifth Amendment right to due process because the Superseding Indictment did not set forth the specific quantity of marijuana involved in the conspiracy.  However, this argument is essentially the same as one of his ineffective assistance of counsel claims, and, as with that argument, lacks merit.

As stated above, The Superseding Indictment charges Petitioner (and the other defendants) with conspiring to distribute and possess with the intent to distribute an amount of marijuana that "exceeded 1,000 kilograms."  Contrary to Petitioner's contentions, the indictment need not set forth the exact quantity of marijuana involved in the conspiracy; it must merely put Petitioner on notice that, if convicted, he would be subject to sentencing under 21 U.S.C. § 841(b)(1)(A).  See Gori, 324 F.3d at 236-37. Since the Superseding Indictment charged Petitioner with conspiring to distribute and possess with the intent to distribute more than 1,000 kilograms of marijuana, it sufficiently specified the offense for which Petitioner was charged.[5]

_____

[5]     The Government argues that this claim is procedurally defaulted.  However, since, in any event, there is no merit to Petitioner's claim, the Court need not decide that issue.

24

C.   Petitioner's Claims Regarding the Applicability of Guideline Enhancements

Finally, Petitioner argues that the Court improperly applied certain enhancements under the Sentencing Guidelines, particularly the enhancements for obstruction of justice pursuant to USSG § 3C1.1, for possession of a firearm pursuant to USSG § 2D1.1(b)(1), and for his role in the conspiracy pursuant to USSG § 3B1.1(a).

However, this ground for relief must be denied as these issues have been previously decided on appeal.  Absent an intervening change in the governing substantive law, Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); Davis v. United States, 417 U.S. 333 (1974) (intervening change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255).

In this case, the Third Circuit expressly addressed the applicability of the guideline enhancements at issue and found that the Court was not erroneous in applying the enhancements. See United States v. Brown, No. 01-2755 (3d Cir. July 19, 2001), at 12-16. Furthermore, Petitioner does not argue that relitigation is justified due to an intervening change in the governing substantive law. Thus, Petitioner's request for relief based upon his claims

25

that certain guideline enhancements were improperly applied is denied.

Petitioner also argues that he received an improper guideline calculation in regard to the money laundering charge against him. However, this issue could certainly have been raised on direct appeal.  "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)); Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997).  See also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal.").  Arguments that could have been made on direct appeal cannot be raised in a § 2255 motion unless the petitioner can demonstrate cause and prejudice.  Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").

"In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the

defense impeded counsel's efforts' to raise the claim." Essig, 10 F.3d at 979 (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)). Petitioner fails to set forth any basis for his failure to raise this claim on appeal, and therefore, this basis for relief must be denied.[6]

In any event, Petitioner's claim lacks merit. As stated in the Court's Tentative Findings, Defendant's offenses at Counts One, Two, and Eleven were grouped, and the offense level was determined based on Count One, the drug conspiracy charge, because this offense produced the highest offense level. See Tentative Findings at 23. Any discrepancy in the guideline range for Petitioner's money laundering charge is therefore irrelevant.

III.     Conclusion

For all of the above-stated reasons, Petitioner's Motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a

---

[6]     A defendant need not, however, demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993). Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). However, the Court notes that this claim was specifically not brought as an ineffective assistance of counsel claim, nor is this issue raised in the context of Petitioner's other ineffective assistance of counsel claims. He, therefore, must demonstrate cause and prejudice.

constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.


S/Alan N. Bloch
United States District Judge

Dated:   July 27, 2005

cc/ecf:   Counsel/defendant